# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DAVID SMITH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Civil Action No. 1:12-cv-03852-GBD ) |
| v. | ) ) ) |
| JPMORGAN CHASE & CO., JAMES DIMON, INA R. DREW, and DOUGLAS L. BRAUNSTEIN, | ) ) ) ) |
| Defendants. | ) ) |

[caption continues on the following page]

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF CO-LEAD COUNSEL, AND CONSOLIDATION OF ALL RELATED ACTIONS

|  |  |
|---|---|
| SARATOGA ADVANTAGE TRUST-FINANCIAL SERVICES PORTFOLIO, On Behalf of Itself and All Others Similarly Situated, | ) ) ) ) Civil Action No. 1:12-cv-03879-CM ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JPMORGAN CHASE & CO., JAMIE DIMON and DOUGLAS L. BRAUNSTEIN, | ) ) ) ) |
| Defendants. | ) |
| PIPEFITTERS LOCAL UNION #537 TRUST FUNDS, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Civil Action No. 1:12-cv-04552-GBD ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JPMORGAN CHASE & CO., JAMES DIMON, INA R. DREW, and DOUGLAS L. BRAUNSTEIN, | ) ) ) ) |
| Defendants. | ) ) |
| LOUISIANA MUNICIPAL POLICE EMPLOYEES RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated Stockholders, | ) ) ) Civil Action No. 1:12-cv-04729-GBD ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JP MORGAN CHASE & CO., JAMES DIMON, INA R. DREW, and DOUGLAS L. BRAUNSTEIN, | ) ) ) ) |
| Defendants. | ) ) |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..............................................................................................ii

PRELIMINARY STATEMENT .......................................................................................1

SUMMARY OF THE PENDING ACTIONS .................................................................4

ARGUMENT ....................................................................................................................7

      A.    The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class..........................................................................................7

      B.    The Public Pension Funds Satisfy The Relevant Requirements Of Rule 23 .........7

I.     The Court Should Approve the Public Pension Funds' Selection Of Counsel.................14

II.    The Related Actions Should Be Consolidated....................................................................17

CONCLUSION.................................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*City of Brockton Ret. Sys. v. Shaw Group, Inc.*,
No. 06-cv-8245-CM-MHD, 2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007) .........................13

*Fox v. Camelot Information Systems, Inc.*,
No. 12-cv-86-PGG, 2012 U.S. Dist. LEXIS 89486 (S.D.N.Y. June 6, 2012)........................10

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ....................................................................................13, 18

*Goldstein v. Puda Coal, Inc.*,
No. 11 Civ. 02598, 2011 WL 6075861 (S.D.N.Y. Dec. 6, 2011)...........................................10

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) .................................................................................8, 10, 12

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ..............................................................................................2

*In re Green Mountain Coffee Roasters, Inc. Sec. Litig.*,
No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192 (D. Vt. April 27, 2012)..........................2, 10

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................6, 18

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin.
Holdings Ltd.*,
No. 11-cv-5097-JFK, 2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011)........................................8

*Reimer v. Ambac Fin. Group, Inc.*,
No. 08-cv-411-NRB, 2008 WL 2073931 (S.D.N.Y. May 9, 2008).........................................13

*Vale v. McGuinn*,
No. 09-cv-3807-RMB, 2009 WL 3297490 (S.D.N.Y. Oct. 13, 2009) .....................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)...................................................................................14

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ..........................................................................................18

*Xianglin Shi v. Sina Corp.*,
  No. 05-cv-2154-NRB, 2005 WL 1561438 (S.D.N.Y. July 1, 2005) ........................................9

**STATUTES**

15 U.S.C. §78u-4 ................................................................................................ *passim*

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5.................................................................................................17

Fed. R. Civ. P. 23 .......................................................................................... *passim*

Fed. R. Civ. P. 42 ..............................................................................................1, 18

H.R. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ........................................13

The Arkansas Teacher Retirement System ("Arkansas Teachers"), State Teachers Retirement System of Ohio ("STRS Ohio"), School Employees Retirement System of Ohio ("SERS Ohio"), Ohio Public Employees Retirement System ("Ohio PERS"), State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), and Sjunde AP-Fonden ("AP7") (collectively, the "Public Pension Funds") respectfully submit this memorandum in support of their motion (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz"), Grant & Eisenhofer P.A. ("Grant & Eisenhofer"), and Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Co-Lead Counsel for the Class; (3) for consolidation of all related actions under Fed. R. Civ. P. 42(a), and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Currently pending in this District are at least four securities class actions against JPMorgan Chase & Co. ("JPMorgan" or the "Company") and certain of its current and former executives (collectively, "Defendants") arising out of the harm to investors caused by the disclosure of JPMorgan's true financial condition and the massive trading losses incurred by the Company's Chief Investment Office ("CIO").  Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant or group of movants has the "largest financial interest" in the relief sought by the Class and whether that group has made a *prima*

*facie* showing of adequacy and typicality under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The Public Pension Funds are the "most adequate plaintiff" and should be appointed Lead Plaintiff. The Public Pension Funds suffered approximately $52 million in losses on their Class Period investments in JPMorgan common stock—a substantial financial interest that will ensure their vigorous prosecution of the claims against JPMorgan.[1] Moreover, the Public Pension Funds—which collectively manage over $200 billion in assets, have significant experience serving as Lead Plaintiff in class action lawsuits under the PSLRA, and benefit from the involvement of two state attorneys general, a state treasurer, and boards of trustees with years of experience serving as fiduciaries for their respective fund beneficiaries—are the ideal Lead Plaintiffs contemplated by the PSLRA. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005) ("the PSLRA was designed to favor institutional investors").

Indeed, each of the Public Pension Funds has significant experience working with other institutional investors to prosecute securities class actions as members of Lead Plaintiff groups under the PSLRA—including several significant actions against financial institutions in this District—and in that capacity have helped to recover hundreds of millions of dollars on behalf of investors. The Public Pension Funds believe their cooperation in this action will likewise serve to benefit the Class. *See In re Green Mountain Coffee Roasters, Inc. Sec. Litig.,* No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *11 (D. Vt. April 27, 2012) (appointing group of institutional investors after investors submitted declarations establishing that they "will effectively manage the litigation").

---

[1] The Public Pension Funds' PSLRA-required Certifications are provided as Exhibit A to the Declaration of Gerald H. Silk in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff, Approval of their Selection of Co-Lead Counsel, and Consolidation of All Related Actions (herein, the "Silk Decl."). In addition, charts setting forth calculations of the Public Pension Funds' losses are provided as Exhibit B to the Silk Decl.

In addition to asserting the largest financial interest, the Public Pension Funds readily satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class.  As set forth in the accompanying Joint Declaration, the Public Pension Funds engaged in an extensive deliberative process in determining to join together to assert their institutional leadership and to ensure the action against JPMorgan is effectively prosecuted in the best interests of the Class.[2]  While the Public Pension Funds are sophisticated, capable and experienced fiduciaries in their own right, the Public Pension Funds have also taken additional steps in order to formalize their joint oversight of this action and their chosen counsel, including participating in a joint conference call in which representatives from each of the Public Pension Funds, including State litigation counsel, discussed, among other things, the measures they have undertaken to ensure the action is prosecuted effectively and without any duplication of effort. Undoubtedly, the Public Pension Funds have both the incentive and ability to supervise and monitor counsel, and are more than adequate to represent the Class.

The Public Pension Funds also believe that the effective prosecution of this action will be ensured by their selection of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz as proposed Lead Counsel for the Class. The Public Pension Funds have a successful history in working with these law firms in other actions under the PSLRA, and the firms have together prosecuted numerous securities class actions with exceptional results, including several notable recoveries in this District.  Based on the Public Pension Funds' asserted financial interest, their demonstrated commitment to act as a cohesive unit and their ability to oversee counsel, the

---

[2] *See* Joint Declaration of Laura Gilson, William J. Neville, Lisa J. Morris, Julie Becker, Keith S. Dubanevich, and Richard Gröttheim in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff, Approval of Their Selection of Co-Lead Counsel, and Consolidation of All Related Actions (herein, the "Joint Declaration"), attached as Exhibit C to the Silk Decl.

Public Pension Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## SUMMARY OF THE PENDING ACTIONS

JPMorgan is one of the largest financial institutions in the world, with over $2.3 trillion in assets.  The Company's common stock is listed on the New York Stock Exchange and trades under the ticker symbol "JPM."  ¶18.[3]

As alleged in the pending actions, JPMorgan and certain of its executive officers issued a series of false and misleading statements that misled investors about the trading practices, hedging activities, risk management and exposure to risk of loss arising from the activities of the Company's CIO.  Specifically, throughout the relevant period, Defendants falsely assured investors that JPMorgan's CIO was one of the primary divisions of the Company responsible for managing firm-wide risk, and specifically that the CIO served to hedge the Company's exposure to interest rate, foreign exchange, and credit risks.  ¶3.  In truth, the CIO was engaged in placing proprietary, high-risk directional bets intended to make quick profits for the Company and enrich its executives.  As a result of Defendants' false and misleading statements and omissions, JPMorgan stock traded at artificially inflated prices throughout the relevant period.

Beginning in April 2012, reports surfaced that a CIO trader's activities began to influence market movements in an index for complex derivative instruments tied to corporate debt.  When analysts began raising concerns over the activities of this trader—nicknamed the "London Whale" because of his outsized positions—JPMorgan and its executives immediately rebuffed those concerns.  Instead, JPMorgan claimed that the CIO's trades were designed to "hedge

---

[3] References herein to "¶___" are to the complaint filed by the Louisiana Municipal Police Employees' Retirement System ("LAMPERS") in the action captioned *Louisiana Municipal Police Employees' Retirement System v. JPMorgan Chase & Co.*, No. 12-cv-4729-GBD, (S.D.N.Y.) (ECF No. 1).  LAMPERS, which has not filed a motion seeking appointment as Lead Plaintiff in this matter, supports the Public Pension Funds' application for appointment as Lead Plaintiff.

structural risks and invest to bring the company's assets and liabilities into better alignment" and that the CIO was "focused on managing the long-term structural assets and liabilities of the firm and is not focused on short-term profits."  ¶33.  On an April 13, 2012 conference call with stock analysts, Defendant James Dimon—JPMorgan's CEO—dismissed concerns over the London Whale's trades, calling the issue "a complete tempest in a teapot."  In addition, a press release filed with SEC that day stated that the CIO's Value at Risk, or "VaR," which the Company described as one of its principal metrics for measuring risk that provided "a consistent cross-business measure of risk," was in-line with historical levels for the CIO and the reported VaR for other business lines.  ¶¶42-47.

On May 10, 2012, after the markets closed, JPMorgan shocked investors by disclosing that the CIO unit had suffered a trading loss of more than $2 billion, which Defendant Dimon admitted was the result of a "flawed, complex, poorly reviewed, poorly executed, and poorly monitored" trading strategy.  Moreover, JPMorgan admitted that the VaR it had previously reported for the CIO was inaccurate.  Specifically, JPMorgan disclosed that the VaR for the CIO was in fact more than twice as risky as the Company had disclosed in April, blaming the inaccurate figure on the use of a "new" VaR model that the Company "now deemed inadequate." ¶66.  The change in the Company's VaR model was not previously disclosed to shareholders. As a result of these disclosures, JPMorgan's stock price fell $3.78 per share, or 9.28%, to close at $36.96 share on May 11, 2012, wiping out over $14 billion of shareholder value.  As a result of additional disclosures concerning risk management failures and growing losses at the CIO, JPMorgan stock fell further, declining nearly 20% from its close on May 10, 2012.

Following these disclosures, investors filed several securities class actions asserting claims for violations of the Exchange Act against the Defendants.  On May 14, 2012, the first of

the above-captioned related actions, styled *Smith v. JPMorgan Chase & Co.*, No. 12-cv-3852-GBD (S.D.N.Y.), was filed in this District.  That same day, notice of the pendency of that action was published alerting investors to a class period of April 13, 2012 through May 11, 2012, and informing investors of the July 13, 2012 deadline for filing a motion seeking Lead Plaintiff status.[4]  On June 15, 2012, a subsequent action was filed by LAMPERS, captioned *Louisiana Municipal Police Employees' Retirement System v. JPMorgan Chase & Co.*, No. 12-cv-4729 (S.D.N.Y.), alleging a class period of February 24, 2010 through May 10, 2012.  Thus, the longest period encompassed by the complaints on file extends from February 24, 2010 through May 11, 2012 (the "Class Period").[5]  LAMPERS published a notice that same day informing investors of the expanded class period and likewise referring Class members to the July 13, 2012 deadline for filing a motion seeking Lead Plaintiff appointment.[6]

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. §78u-4(a)(3)(A).  The Public Pension Funds satisfy the 60-day deadline by filing this motion.  *See Vale v. McGuinn*, No. 09-cv-3807-RMB, 2009 WL 3297490, at *3 n.2 (S.D.N.Y. Oct. 13, 2009) (explaining that motions seeking Lead Plaintiff appointment must be filed "[N]ot later than 60 days after the date on which the [initial notice of filing] is published").

---

[4] A copy of the notice of the action is attached as Exhibit D to the Silk Decl.

[5] For purposes of determining a Lead Plaintiff movant's financial interest under PSLRA, the longest filed and publicly-noticed period applies.  *See, e.g., Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of this analysis, we use the longer class period with the earlier start date.").

[6] A copy of the notice of the subsequent action expanding the class period filed by LAMPERS is attached as Exhibit E to the Silk Decl.

# ARGUMENT

The Public Pension Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movants "most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the "person or group of persons" who has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, the Public Pension Funds believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### A.    The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

The Public Pension Funds should be appointed Lead Plaintiff because they believe that they have the largest financial interest in the relief sought by the Class. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated herein, the Public Pension Funds sustained total losses of approximately $52 million from their Class Period transactions in JPMorgan stock. *See* Silk Decl. at Exhibits A and B. To the best of the Public Pension Funds' knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in the litigation. Accordingly, the Public Pension Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).

### B.    The Public Pension Funds Satisfy The Relevant Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Public Pension Funds satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil

Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) ("a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23") (citations omitted).  As demonstrated herein, the Public Pension Funds satisfy these requirements.

The Public Pension Funds' claims are typical of the claims of other Class members.  Typicality is established by showing that the proposed Class representative's "claims arise[] from the same course of events and they make similar legal arguments to prove the defendants' liability as the other putative class members."  *Id.* at 269 (typicality requirement satisfied when investors "allege[d] material misstatements and/or omissions made by defendants . . . and they share an interest in establishing defendants' liability and achieving the maximum amount of recovery.") (internal quotations and citation omitted).  Here, the Public Pension Funds' individual claims are nearly identical to the claims of the other Class members.  Like all other Class members, the Public Pension Funds: (1) purchased JPMorgan common stock during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby.  *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11-cv-5097-JFK, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").  As such, the Public Pension Funds are typical Class representatives.

The Public Pension Funds likewise satisfy the adequacy requirement of Rule 23.  Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class."  *Id.*  In order for the interests of the Class to be fairly and adequately represented, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy."  *Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005).  The Public Pension Funds satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class.  Further, the Public Pension Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Public Pension Funds and other Class members.

To further demonstrate their adequacy and cohesiveness, the Public Pension Funds submit herewith Certifications and a Joint Declaration which affirm their understanding of the duties owed to the Class and their commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  *See* Silk Decl. at Exhibits A and C.  Through their Certifications and the Joint Declaration, the Public Pension Funds have demonstrated that they accept the fiduciary obligations that they will assume if appointed Lead Plaintiff in this action. *See id.*

Moreover, the Joint Declaration demonstrates that Public Pension Funds are a cohesive group that is able to function separate and apart from their lawyers to ensure the litigation is prosecuted in the best interests of the Class.  Indeed, the Public Pension Funds comprise a small,

cohesive partnership of sophisticated institutional investors that determined on their own to jointly seek appointment as Lead Plaintiff.  *See* Exhibit C to the Silk Decl. at ¶¶10-12; *Bank of Am.*, 258 F.R.D. at 270  ("the group is comprised of large public pension funds in the United States and Europe; they are thus the type of sophisticated institutional investors envisioned by Congress in the enactment of the PSLRA"); *see also Green Mountain*, 2012 U.S. Dist. LEXIS 89192, at *11; *Fox v. Camelot Information Systems, Inc.*, No. 12-cv-86-PGG, 2012 U.S. Dist. LEXIS 89486, at *10 (S.D.N.Y. June 6, 2012) (appointing group after concluding that the group was capable of adequately protecting the interests of the class); *Bank of Am.*, 258 F.R.D. at 270 (appointing group and noting "declarations demonstrating cooperative efforts among" the group's members); *Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 02598, 2011 WL 6075861, at *7 (S.D.N.Y. Dec. 6, 2011) (appointing group of investors).

The Joint Declaration establishes why the group was formed and sets forth how the Public Pension Funds intend to oversee counsel and this litigation.  See *Bank of Am.*, 258 F.R.D. at 270 ("Although the members of the Public Pension Funds may not have functioned as a group in the past, for purposes of this litigation, it is clear they have functioned as a group and intend to continue to do so.").  Specifically, representatives of the Public Pension Funds including State litigation counsel consulted extensively with their proposed Lead Counsel regarding the merits of the claims against the Defendants and their losses arising from the Defendants' alleged misconduct.  *See id.* Silk Decl., Ex. C at ¶10.  Through these discussions, the representatives of the Public Pension Funds learned of their respective interests in pursuing a joint role as Lead Plaintiff.  *See id.*  As a result of their shared goals, and the importance of this litigation to all of JPMorgan's investors, the Public Pension Funds agree that their partnership is well-suited for this litigation and seek joint appointment as Lead Plaintiff.  *See id.*

The Public Pension Funds are well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel, and each has extensive experience in successfully serving as part of Lead Plaintiff groups in actions prosecuted under the PSLRA.  *See id.* at ¶¶2-7, 12.  Indeed, Oregon, Ohio PERS, STRS Ohio, SERS Ohio, Arkansas Teachers and AP7 have served as a member of Lead Plaintiff groups in several cases under the PSLRA, including:

- *In re Bank of America Securities Litigation*, No. 09-md-2058-PKC (S.D.N.Y.) (Ohio PERS and STRS Ohio serves as Lead Plaintiff together with the Fjarde AP-Fonden, AP7's sister fund, as well as other institutional investors);

- *In re BP plc Securities Litigation*, 10-md-2185-KPE (S.D. Tex.) (Ohio PERS, STRS Ohio and SERS Ohio served as Lead Plaintiff together with Ohio Police & Fire Pension Fund, and the New York State Common Retirement Fund);

- *In re Apollo Group, Inc. Securities Litigation*, No 10-cv-01735-JAT (D. Ariz.) (Oregon serves as Lead Plaintiff with Amalgamated Bank and the Mineworkers' Pension Scheme, a pension fund located in the United Kingdom);

- *In re Sunpower Corporation Securities Litigation*, Case No. 09-cv-5473 (N.D. Cal.) (Arkansas Teachers serves as Lead Plaintiff together with AP7's sister fund, Första AP-Fonden, and Danske Invest Management A/S); and

- *In re Green Mountain Coffee Roasters, Inc. Securities Litigation*, 2:11-cv-289-WKS (D. Vt.) (AP7 serves as Lead Plaintiff together with LAMPERS, the Board of Trustees of the City of Fort Lauderdale General Employees' Retirement System, Employees Retirement System of the Government of the Virgin Islands, and the Public Employees' Retirement System of Mississippi).

Oregon has the added benefit of being able to draw upon the resources and dedicated personnel of the Office of the Attorney General and the Department of Justice of the State of Oregon, as well as the Oregon State Treasury, and Ohio PERS, STRS Ohio, and SERS Ohio have experienced staff attuned to these issues and also are advised in this action by the Office of the Attorney General of the State of Ohio. *See id.* at ¶11.  Arkansas Teachers and AP7 are likewise staffed with professionals devoted to monitoring counsel and overseeing the prosecution

of the action.  *See id.*  The significant resources available to the Public Pension Funds—including dedicated personnel from the offices of two state attorneys general—ensure that proposed Lead Counsel's prosecution of this action will be overseen by attorneys and other professionals who are highly experienced in conducting and supervising complex litigation.

As part of their effort to formalize their commitment to jointly prosecute this action, before seeking appointment as Lead Plaintiff, representatives of the Public Pension Funds participated in a conference call to discuss, among other things: the public significance of institutional investors prosecuting claims against JPMorgan; the need for the action to be driven by sophisticated institutional investors intent on maximizing recovery for the Class; the Public Pension Funds' interests in serving jointly as Lead Plaintiff; and ensuring that the claims of the Class will be efficiently and zealously prosecuted.  *See id.* at ¶14.

The Public Pension Funds have continued to demonstrate their commitment to vigorously representing shareholders' interests in this action.  Specifically, their counsel have entered into a Joint Prosecution Agreement which, among other things, implements specific reporting protocols counsel must follow to avoid duplication of efforts and ensures efficient prosecution of the action.  The Joint Prosecution Agreement can be submitted in camera, at the Court's request. The Public Pension Funds' actions were taken to ensure that the Class' claims are prosecuted without delay and with proper oversight from the Public Pension Funds.  *See Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutional investors submitting declarations evidencing group's ability to function cohesively).

The evidence submitted by the Public Pension Funds demonstrating their commitment to vigorously and effectively representing the interests of the Class as members of a Lead Plaintiff group is more than adequate to satisfy the adequacy and typicality requirements.  *See, e.g., Bank*

*of Am.*, 258 F.R.D. at 270 (finding that "demonstrated cooperation among plaintiffs [through discussions and declarations memorializing their joint oversight over counsel and the action], particularly plaintiffs that are sophisticated institutional investors, satisfies concerns about designating groups as lead plaintiffs that are in fact dominated by counsel"); *Reimer v. Ambac Fin. Group, Inc.*, No. 08-cv-411-NRB, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (finding that "joint conference calls" regarding litigation strategy between group members "who have prior working relationships" demonstrated the group was able to function independently of counsel).

Further, the Public Pension Funds are the very sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated group of institutional investors with a substantial interest in the litigation. *See* H.R. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [class] actions.") (citation omitted); *Ambac Fin. Group, Inc.*, 2008 WL 2073931, at *3 (appointing group of pension funds Lead Plaintiff); *City of Brockton Ret. Sys. v. Shaw Group, Inc.*, No. 06-cv-8245-CM-MHD, 2007 WL 2845125 (S.D.N.Y. Sept. 26, 2007) (appointing two public pension funds Lead Plaintiff).

Finally, the Public Pension Funds have demonstrated their adequacy through their selection of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz as Co-Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz, Grant &

Eisenhofer and Kessler Topaz are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated their ability to jointly prosecute conduct complex securities class action lawsuits.

## I.      The Court Should Approve the Public Pension Funds' Selection Of Counsel

The Court should approve the Public Pension Funds' selection of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz to serve as Co-Lead Counsel on behalf of the Class. Pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v), a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (internal quotations and citations omitted).  Here, the Public Pension Funds retained Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz as proposed Co-Lead Counsel to represent the Class.

Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz are among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz's Firm Biography, attached as Exhibit F to the Silk Decl.; Grant & Eisenhofer's Firm Biography, attached as Ex. G to the Silk Decl.; Kessler Topaz's Firm Biography, attached as Exhibit H to the Silk Decl.

Bernstein Litowitz served as Co-Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion— one of the largest recoveries in securities class action history—were obtained for the Class. Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include *In re Nortel Networks*

*Corp. Securities Litigation*, No. 05-md-1659-LAP (S.D.N.Y.) (recovering $1.3 billion for investors), *In re Refco, Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (recovering over $400 million for investors), and *Public Employees' Retirement System of Mississippi v. Merrill Lynch & Co., Inc.*, No. 09-cv-1392-JSR (S.D.N.Y.) (recovering $315 million for investors).

Grant & Eisenhofer likewise has served as Lead or Co-Lead Counsel in several of the largest securities class actions in history, including *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-1335-B, in which a $3.2 billion settlement was achieved on behalf of the Class. *Tyco* was litigated with Kessler Topaz as Co-Lead Counsel. In *In re Global Crossing, Ltd. Securities Litigation*, 02 Civ. 910 (S.D.N.Y.), Grant & Eisenhofer resolved investors' claims for over $345 million. Most recently, Grant & Eisenhofer represented Ohio PERS and STRS Ohio as Lead Plaintiff in the securities class action against Marsh & McLennan, in which the firm helped recover $400 million on behalf of investors.

Similarly, Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted (or is currently prosecuting) numerous securities fraud class actions on behalf of injured investors under the PSLRA, including, for example: *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H.) (recovering $3.2 billion for investors with Grant & Eisenhofer as Co-Lead Counsel); *In re Tenet Healthcare Corp. Securities Litigation*, No. CV-02-8462-RSWL (Rx) (C.D. Cal. 2002) (resolved investors' claims for $215 million); *In re Brocade Securities Litig*ation, No. 3:05-CV-2042 (N.D. Cal. 2005) (achieved $160 million recovery on behalf of investors). Additionally, Kessler Topaz is one of a handful of

law firms to try a class action lawsuit under the PSLRA. *See In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-CV-61542 (S.D. Fla.).

In addition, Stoll Stoll Berne Lokting & Shlachter ("Stoll Berne"), which serves as additional counsel to Oregon and will work under the direction of and cooperation with proposed Lead Counsel, has represented Oregon in several complex securities actions, and has extensive experience prosecuting individual and class securities cases, including litigating such cases to trial. *See* Stoll Berne's Firm Biography, attached as Exhibit I to the Silk Decl.

Moreover, Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz have a history of jointly prosecuting actions and are currently serving as Co-Lead Counsel in several complex class action lawsuits, including actions in which members of the Public Pension Funds serve as Lead Plaintiff:

- *In re Satyam Computer Services, Ltd. Securities Litigation*, No. 09-MD-2027-BSJ (S.D.N.Y.) (Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz served as Co-Lead Counsel in action recovering $150 million for investors);

- *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, No. 08-6324 (D. Minn.) (Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz serve as Co-Lead Counsel in action where proposed settlement represents recovery of $85 million);

- *In re Bank of America Corp. Securities, Derivative, and Employment Retirement Income Security Act (ERISA) Litigation*, No. 09-md-02058-PKC (S.D.N.Y.) (Bernstein Litowitz and Kessler Topaz serve as Co-Lead Counsel in case where Ohio PERS and STRS Ohio serve as Lead Plaintiff);

- *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523-LAK (S.D.N.Y.) (Bernstein Litowitz and Kessler Topaz serve as Co-Lead Counsel and recovered $507 million for investors);

- *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-06351-RJS (S.D.N.Y.) (Bernstein Litowitz and Kessler Topaz serve as Co-Lead Counsel and recovered $627 million for investors);

16

- *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-1335-B (D.N.H.) (Kessler Topaz and Grant & Eisenhofer served as Co-Lead Counsel and recovered $3.2 billion for investors);

- *In re Refco Inc. Securities Litigation*, No. 05-cv-8626-JSR (S.D.N.Y.) (Bernstein Litowitz and Grant & Eisenhofer served as Co-Lead Counsel resulting in recoveries of over $400 million for investors);

- *In re Sunpower Corporation Securities Litigation*, Case No. 09-cv-5473 (N.D. Cal.) (Bernstein Litowitz and Kessler Topaz serve as Co-Lead Counsel in case where Arkansas Teachers serves as Lead Plaintiff);

- *In re Green Mountain Coffee Roasters, Inc. Securities Litigation*, 2:11-cv-289-WKS (D. Vt.) (Bernstein Litowitz and Kessler Topaz serve as Co-Lead Counsel in case where AP7 serves as Lead Plaintiff);

- *In re UBS AG Securities Litigation,* No. 07-11225-RJS (S.D.N.Y.) (Kessler Topaz and Grant & Eisenhofer serve as Co-Lead Counsel); and

- *In re Pfizer Securities Litigation*, No. 04-cv-9866-LTS (S.D.N.Y.) (Kessler Topaz and Grant & Eisenhofer serve together as counsel).

Accordingly, the Court can be assured that the appointment of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz will provide the Class efficient, yet the highest caliber, representation against a well-funded defendant.  As such, the Public Pension Funds respectfully submit that the Court approve their selection of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz to serve as Co-Lead Counsel for the Class.

## II.    **The Related Actions Should Be Consolidated**

Presently pending in this District are at least four related securities class actions against JPMorgan alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.  The Related Actions are as follows:

| Case Caption | Civil No. | Date Filed |
|---|---|---|
| *Smith v. JP Morgan Chase & Co.* | 12-cv-3852 | May 14, 2012 |
| *Saratoga Advantage Trust-Financial Services Portfolio v. JP Morgan Chase & Co.* | 12-cv-3879 | May 15, 2012 |

| Case Caption | Civil No. | Date Filed |
|---|---|---|
| *Pipefitters Local 537 Trust Funds v. JPMorgan Chase & Co.* | 12-cv-4552 | June 11, 2012 |
| *Louisiana Municipal Police Employees' Retirement System v. JPMorgan Chase & Co.* | 12-cv-4729 | June 15, 2012 |

These actions present virtually identical factual and legal issues, as they all arise out of the same alleged misstatements and omissions regarding JPMorgan's financial condition and the risk-taking of the Company's CIO division.   Accordingly, consolidation is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Glauser,* 236 F.R.D. at 186 ("[T]his Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted); *Kaplan*, 240 F.R.D. at 92 (ordering consolidation where actions contained overlapping factual allegations that "defendants' statements to the investing public misrepresented or omitted to state material facts about the financial status of [the defendants]"); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ("In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (internal citation omitted).

## CONCLUSION

For the reasons set forth above, the Public Pension Funds respectfully request that the Court:  (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz, Grant & Eisenhofer and Kessler Topaz as Co-Lead Counsel for the Class; (3) consolidate all related actions, and (4) grant such other relief as the Court may deem just and proper.

Dated:  July 13, 2012                          Respectfully Submitted,

                                               **BERNSTEIN LITOWITZ BERGER
                                                  & GROSSMANN LLP**

                                               /s/      Gerald H. Silk
                                               Gerald H. Silk
                                               Avi Josefson
                                               Michael D. Blatchley
                                               1285 Avenue of the Americas
                                               New York, NY 10019
                                               Telephone: (212) 554-1400
                                               Facsimile: (212) 554-1444
                                               jerry@blbglaw.com
                                               avi@blbglaw.com
                                               michaelb@blbglaw.com

                                               *Special Assistant Attorneys General and
                                               Counsel for Proposed Lead Plaintiffs the
                                               State of Oregon by and through the Oregon
                                               State Treasurer on behalf of the Common
                                               School Fund and, together with the Oregon
                                               Public Employee Retirement Board, on
                                               behalf of the Oregon Public Employee
                                               Retirement Fund, and Arkansas Teacher
                                               Retirement System, and Proposed Co-Lead
                                               Counsel for the Class*

                                               **MICHAEL DEWINE
                                               ATTORNEY GENERAL OF OHIO**

                                               **GRANT & EISENHOFER P.A.**
                                               Jay W. Eisenhofer
                                               485 Lexington Avenue
                                               New York, NY 10017
                                               Telephone:  (646) 722-8505
                                               Facsimile:  (302) 622-7004
                                               jeisenhofer@gelaw.com

                                               *Special Counsel for Ohio Public Employees
                                               Retirement System, State Teachers
                                               Retirement System of Ohio, and School
                                               Employees Retirement and Proposed Co-
                                               Lead Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK LLP**
Darren J. Check
Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
dcheck@ktmc.com
shandler@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff Sjunde
AP-Fonden and Proposed Co-Lead Counsel
for the Class*

**STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.**
Keith Ketterling
Scott Shorr
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
KKetterling@stollberne.com
SShorr@stollberne.com

*Special Assistant Attorneys General and
Counsel for Proposed Lead Plaintiff the
State of Oregon by and through the Oregon
State Treasurer on behalf of the Common
School Fund and, together with the Oregon
Public Employee Retirement Board, on
behalf of the Oregon Public Employee
Retirement Fund*