UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

DAVID SMITH, Individually and on Behalf of :   Civil Action No. 1:12-cv-03852-GBD
All Others Similarly Situated,                 :

                              :   CLASS ACTION

                Plaintiff,     :

                              :

    vs.                         :

                              :

JPMORGAN CHASE & CO., et al.,       :

                              :

              Defendants.   :

                              :

———————————————————— 

SARATOGA ADVANTAGE TRUST       :   Civil Action No. 1:12-cv-03879-CM
FINANCIAL SERVICES PORTFOLIO, on   :
Behalf of Itself and All Others Similarly     :   CLASS ACTION
Situated,                         :

                              :

                Plaintiff,     :

                              :

    vs.                         :

                              :

JPMORGAN CHASE & CO., et al.,       :

                              :

              Defendants.   :

———————————————————— x

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S
SELECTION OF LEAD COUNSEL

```
────────────────────────────────── x
PIPEFITTERS LOCAL UNION #537 TRUST    :    Civil Action No. 1:12-cv-04552-GBD
FUNDS, Individually and on Behalf of All    :
Others Similarly Situated,                   :    CLASS ACTION
                                             :
                    Plaintiff,               :
                                             :
        vs.                                  :
                                             :
JPMORGAN CHASE & CO., et al.,                :
                                             :
                    Defendants.              :
────────────────────────────────── x
```

734699_1

The Pension Trust Fund for Operating Engineers (the "Pension Trust Fund") respectfully submits this memorandum of law in support of its motion for: (1) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.    INTRODUCTION

Presently pending in this district are four securities class action lawsuits (the "Related Actions") on behalf of purchasers of JPMorgan Chase & Co. ("JPMorgan" or the "Company") common stock between January 13, 2012 and May 10, 2012  (the "Class Period") against the Company, James Dimon (JPMorgan's Chairman, CEO, and President), Ina R. Drew (JPMorgan's former Chief Investment Officer and Member of the Operating Committee), and Douglas L. Braunstein (JPMorgan's Executive Vice President and CFO) for violations of the Securities Exchange Act of 1934 (the "Exchange Act"): *Smith v. JPMorgan Chase & Co*., No. 1:12-cv-03852-GBD (filed on May 14, 2012); *Saratoga Advantage Trust – Financial Services Portfolio v. JPMorgan Chase & Co*., No. 1:12-cv-03879-CM (filed on May 15, 2012); and *Pipefitters Local Union #537 Trust Funds v. JPMorgan Chase & Co*., No. 1:12-cv-04552-GBD (filed on June 11, 2012).  In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they involve identical questions of law and fact.  *See* Fed. R. Civ. P. 42(a); *infra* §III.A.

As soon as practicable after deciding consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court

- 1 -

determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).  The Pension Trust Fund should be appointed as lead plaintiff because: (1) it timely filed this motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) it will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Pension Trust Fund's selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.      FACTUAL BACKGROUND

The complaints in these Related Actions allege that, during the Class Period, defendants concealed the fact that JPMorgan's Chief Investment Office ("CIO") had suffered a multi-billion dollar loss associated with massive derivatives trading and that, in an effort to conceal the true risk associated with these immense gambles, manipulated JPMorgan's Value-at-Risk ("VaR") calculations.

The revelations about the improprieties at JPMorgan have eviscerated more than $17 billion of JPMorgan's market capitalization, generated two congressional hearings, led to the departure of several top JPMorgan executives, and resulted in investigations by the Federal Bureau of Investigation, the Securities and Exchange Commission, the Federal Reserve and the Commodity Futures Trading Commission.

## III.     ARGUMENT

### A.      The Related Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).  Here, the Related Actions assert Exchange Act claims on behalf of purchasers of JPMorgan common stock.  Each of the Related Actions names the Company and most of the same executive officers as defendants and generally involve the same

factual and legal issues; namely, whether the class purchased JPMorgan common stock at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates the Exchange Act. As such, "[l]itigation of these actions will require resolution of common questions of law and of fact." *In re Centerline Holding Co. Sec. Litig.*, 2008 U.S. Dist. LEXIS 36406, at *9 (S.D.N.Y. 2008) (Scheindlin, J.). Therefore, consolidation is appropriate. *Id.*; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

**B.      The Pension Trust Fund Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Trust Fund meets these requirements and should therefore be appointed as lead plaintiff.

**1.      The Pension Trust Fund's Motion Is Timely**

The notice published in this action on May 14, 2012 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of publication, or by July 13,

- 3 -

2012.  *See* Declaration of Samuel H. Rudman in Support of Motion for Consolidation, Appointment

as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rudman Decl."), Ex.

A.  Because the Pension Trust Fund's motion is timely filed, it is entitled to be considered for

appointment as lead plaintiff.

> **2.      The Pension Trust Fund Has the Largest Financial Interest in**
> **the Relief Sought by the Class**

During the Class Period, the Pension Trust Fund purchased more than 137,000 shares of

JPMorgan common stock and lost in excess of $1 million as a result of defendants' alleged

misconduct.  *See* Rudman Decl., Ex. B.  To the best of its counsel's knowledge, there are no other

plaintiffs with a larger financial interest in the Class Period for the Related Actions.  Therefore, the

Pension Trust Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

> **3.      The Pension Trust Fund Satisfies Rule 23 of the Federal Rules**
> **of Civil Procedure at This Stage**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification

stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the

typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173

(S.D.N.Y. 2010) (Scheindlin, J.) (citation omitted).  "'Typicality' 'requires that the claims of the

class representatives be typical of those of the class, and is satisfied when each class member's claim

arises from the  same course of events, and each class member makes similar legal arguments to

prove the defendant's liability.'"  *Id.* at 173-74 (citation omitted).  "'The adequacy requirement is

satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class

that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Id.* at 174 (citation omitted).

The Pension Trust Fund purchased JPMorgan common stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and/or omissions and suffered damages when the truth leaked into the market. The Pension Trust Fund's claims therefore arise from the same factual predicate as those in the complaint. *See Sgalambo*, 268 F.R.D. at 174. In addition, the Pension Trust Fund is not subject to unique defenses and there is no evidence that it seeks anything other than the greatest recovery for the class consistent with the merits of the claims. As such, the Pension Trust Fund satisfies the typicality and adequacy requirements at this stage.

### C.     The Court Should Approve the Pension Trust Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Trust Fund selected Robbins Geller to serve as lead counsel. *See* Rudman Decl., Ex. C. Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively." *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, 2010 U.S. Dist. LEXIS 103218, at *16 (E.D.N.Y. 2010). Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the district courts within the Second Circuit." *Id.* at *18. Based upon Robbins Geller's extensive

- 5 -

experience and proven track record as counsel in securities class actions, the Pension Trust Fund's selection of Robbins Geller as lead counsel should be approved.

## IV.      CONCLUSION

The Pension Trust Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Therefore, the Pension Trust Fund respectfully requests that the Court grant its Motion for appointment as lead plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  July 13, 2012                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD
                                         MARIO ALBA JR.

                                                   s/ Samuel H. Rudman
                                         _____
                                             SAMUEL H. RUDMAN

                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         DARREN J. ROBBINS
                                         MICHAEL J. DOWD
                                         DANIEL S. DROSMAN
                                         DANIELLE S. MYERS
                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101-3301
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)

                                         [Proposed] Lead Counsel for Plaintiffs

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 13, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 13, 2012.

s/ Samuel H. Rudman
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  srudman@rgrdlaw.com

# Mailing Information for a Case 1:12-cv-03852-GBD

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Daryl Andrew Libow**
  libowd@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Gregory Bradley Linkh**
  glinkh@murrayfrank.com

- **Richard C. Pepperman , II**
  peppermanr@sullcrom.com,s&cmanagingclerk@sullcrom.com

- **Darren J. Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel Howard Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Christopher Michael Viapiano**
  viapianoc@sullcrom.com,s&cmanagingclerk@sullcrom.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**David C. Walton**
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, L.L.P.
655 W. Broadway
Suite 1900
San Diego, CA 92101-3301