# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID SMITH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ) |
| | ) |
| JPMORGAN CHASE & CO., JAMES DIMON, INA R. DREW, and DOUGLAS L. BRAUNSTEIN, | ) ) ) |
| | ) |
| Defendants. | ) ) |

Civil Action No. 1:12-cv-03852-GBD

[caption continues on the following page]

## THE PUBLIC PENSION FUNDS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO THE COMPETING MOTION

SARATOGA ADVANTAGE TRUST-
FINANCIAL SERVICES PORTFOLIO, On
Behalf of Itself and All Others Similarly
Situated,

               Plaintiff,

               v.

JPMORGAN CHASE & CO., JAMIE
DIMON and DOUGLAS L. BRAUNSTEIN,

               Defendants.

Civil Action No. 1:12-cv-03879-CM

---

PIPEFITTERS LOCAL UNION #537 TRUST
FUNDS, Individually and On Behalf of All
Others Similarly Situated,

               Plaintiff,

               v.

JPMORGAN CHASE & CO., JAMES
DIMON, INA R. DREW, and DOUGLAS L.
BRAUNSTEIN,

               Defendants.

Civil Action No. 1:12-cv-04552-GBD

---

LOUISIANA MUNICIPAL POLICE
EMPLOYEES RETIREMENT SYSTEM, On
Behalf of Itself and All Others Similarly
Situated Stockholders,

               Plaintiff,

               v.

JP MORGAN CHASE & CO., JAMES
DIMON, INA R. DREW, and DOUGLAS L.
BRAUNSTEIN,

               Defendants.

Civil Action No. 1:12-cv-04729-GBD

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ...................................................................................................................... 3

    A.    The Public Pension Funds Have the "Largest Financial Interest" in the Relief Sought by the Class ..................................................................................... 4

    B.    The Public Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements .................................................................................................... 8

        1.    The Public Pension Funds Are Typical ..................................................... 8

        2.    The Public Pension Funds Are Adequate ................................................... 9

    C.    Operating Engineers Has Not Satisfied the Requirements of the PSLRA............ 12

    D.    All Four of the Related Actions Should be Consolidated..................................... 13

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Barnet v. Elan Corp.*,
    236 F.R.D. 158 (S.D.N.Y. 2005) ........................................................................5

*Fox v. Camelot Info. Sys., Inc.*,
    No. 12 Civ. 86 (PGG), 2012 U.S. Dist. LEXIS 89486 (S.D.N.Y. June 6, 2012) ...................10

*Glauser v. EVCI Ctr. Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................9

*Goldstein v. Puda Coal, Inc.*,
    No. 11 Civ. 02598 (BSJ) (HBP), 2011 WL 6075861 (S.D.N.Y. Dec. 6, 2011) ............5, 10, 14

*In re Able Labs. Sec. Litig.*,
    425 F. Supp. 2d 562 (D.N.J. 2006) ....................................................................13

*In re Bank of Am. Sec., Deriv. & ERISA Litig.*,
    258 F.R.D. 260 (S.D.N.Y. 2009) .................................................................2, 5, 11

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...........................................................................3

*In re Centerline Holding Co. Sec. Litig.*,
    No. 08 Civ. 505(SAS), 2008 WL 1959799 (S.D.N.Y. May 5, 2008) .............................7

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ....................................................................3, 8, 9

*In re Fuwei Films Sec. Litig.*,
    247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................5

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .................................................................2, 5, 9, 14

*Lintz v. Agria Corp.*,
    No. 08 Civ. 3536 (WPP), 2008 WL 5191087 (S.D.N.Y. Dec. 3, 2008) ........................8

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
    256 F.R.D. 620 (E.D. Wis. 2009) ...................................................................7, 13

*Reimer v. Ambac Fin. Grp., Inc.*,
    No. 08-cv-411-NRB, 2008 WL 2073931 (S.D.N.Y. May 9, 2008) .....................3, 5, 10, 12

*Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
   Case No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192 (D. Vt. Apr. 27, 2012) ................10, 12

*Sabbagh v. Cell Therapeutics, Inc.*,
   Nos. C10–414MJP, 2010 WL 3064427 (W.D. Wash. Aug. 2, 2010) .....................................11

*Sgalambo v. McKenzie*,
   268 F.R.D. 170 (S.D.N.Y. 2010) .........................................................................................3, 8

*Vladimir v. Bioenvision, Inc.*,
   No. 07–cv-6416-SHS-AJP, 2007 WL 4526532 (S.D.N.Y. Dec. 21, 2007).............................5

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*,
   No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012)...........5

STATUTES

15 U.S.C. § 78u-4 ..........................................................................................................1, 2, 3, 12

OTHER AUTHORITIES

17 C.F.R. § 240.10b-5.............................................................................................................13

Fed. R. Civ. P. 23 ...............................................................................................................1, 4, 8

H.R. Rep. No. 104-369 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................................9

The Public Pension Funds[1] respectfully submit this memorandum in further support of their motion for appointment as Lead Plaintiff and in opposition to the competing motion filed by the Pension Trust Fund for Operating Engineers ("Operating Engineers") (ECF No. 15).[2]

## PRELIMINARY STATEMENT

The Public Pension Funds suffered losses of approximately ***$52 million*** from their investments in JPMorgan Chase & Co. ("JPMorgan or the "Company")—a financial interest that is approximately ***40 times greater*** than the losses claimed by any other movant.  In addition to possessing the largest financial interest, the Public Pension Funds—each of which have extensive experience serving as Lead Plaintiffs under the Private Securities Litigation Reform Act ("PSLRA")—readily satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  Moreover, as evidenced by the Joint Declaration submitted with their opening motion, the Public Pension Funds have taken significant measures to formalize their joint leadership of this action and to protect the Class, which will benefit from the commitment and resources of the Public Pension Funds' dedicated staff of professionals and the involvement of the offices of two state Attorneys General.  *See* ECF No. 16-3 at ¶¶8-10 ("Joint Declaration").  In short, the Public Pension Funds—a small cohesive group of sophisticated institutional investors—are the prototypical Lead Plaintiff contemplated by Congress in enacting the PSLRA, and should be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B).

---

[1]     The Public Pension Funds include:  Arkansas Teacher Retirement System ("Arkansas Teachers"), State Teachers Retirement System of Ohio ("STRS Ohio"), School Employees Retirement System of Ohio ("SERS Ohio"), Ohio Public Employees Retirement System ("Ohio PERS," and together with STRS Ohio and SERS Ohio, the "Ohio Funds"), State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund, and together with the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), and Sjunde AP-Fonden ("AP7").

[2]     Unless otherwise noted, references to "ECF No. __" are to filings in *Smith v. JPMorgan Chase & Co.*, No. 12-cv-3852-GBD (S.D.N.Y.).  All emphases herein are added.

Recognizing the Public Pension Funds' status as the presumptively most adequate plaintiff under the PSLRA, another class member that moved for appointment as Lead Plaintiff, Anthony Constantinou ("Constantinou"), withdrew his motion in support of the Public Pension Funds.[3]   The only remaining movant—Operating Engineers—asserts losses of approximately $1.4 million (or 2.7% of the loss asserted by the Public Pension Funds).  Not only do the Public Pension Funds assert an aggregate financial interest that is far greater than that claimed by Operating Engineers, but each ***constituent member*** of the Public Pension Funds incurred losses that are multiples larger than Operating Engineers' claimed loss.[4]

Operating Engineers' losses aside, its motion is fatally defective under the PSLRA, as Operating Engineers inexplicably failed to provide its trading in the operative class period at issue in the filed complaints against JPMorgan.  The PSLRA requires that each movant submit a certification setting forth, among other things, "***all*** transactions of the plaintiff in the security that is the subject of the complaint during the class period."  15 U.S.C. § 78u-4(a)(2)(A)(iv); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (Buchwald, J.) (requiring court to consider the movants' financial interest under the longest-filed class period); *In re Bank of Am. Sec., Deriv. & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (Chin, J.) (same).  Specifically, despite the well-established precedent requiring the Court to use the longest publicly-noticed class period, which begins on February 24, 2010 as alleged in the action captioned *Louisiana Municipal Police Employees' Retirement System v. JPMorgan Chase & Co.*, No. 12-4279-GBD (S.D.N.Y.) ("*LAMPERS*") filed on June 15, 2012, Operating Engineers only provided trading information for a shorter period (from January 13, 2012 through May 10, 2012) that was alleged in a

---

[3]       *See* Plaintiff Anthony Constinanou's Notice of Withdrawal of Motion to Consolidate Related Cases, to Be Appointed Lead Plaintiff, and for Approval of His Selection of Lead Counsel (ECF No. 19).

[4]       *See* ECF No. 16-2 (summarizing losses on a first-in, first out ("FIFO") basis for Arkansas Teachers, the Ohio Funds, Oregon and AP7).

complaint filed four days before *LAMPERS* was filed.  Having failed to provide its trading during the longest-filed class period, Operating Engineers has not complied with the prerequisites for Lead Plaintiff appointment, and its motion cannot be properly considered by the Court.  But even in the shortened period advocated by Operating Engineers, the Public Pension Funds have losses that are more than *five times greater* than that claimed by Operating Engineers:

| Movant | Loss in Class Period: 2/24/10-5/11/12 | Loss in Operating Engineers Period:  1/13/12-5/10/12 |
|---|---|---|
| Public Pension Funds | $51.7 million | $9.4 million |
| Operating Engineers | -data not provided- | $1.4 million |

## ARGUMENT

Under the well-defined standards of the PSLRA, the movant or group with the largest financial interest in the relief sought by the class who also makes a *prima facie* showing of typicality and adequacy is the presumptively most adequate plaintiff, and should be appointed Lead Plaintiff.  *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.); 15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA Lead Plaintiff appointment process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide ***proof*** that the movant will not fairly and adequately represent the class or is subject to unique defenses.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re eSpeed*, *Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005) (Scheindlin, J.) ("The lead plaintiff determination does not depend on the court's judgment of which party would be best lead plaintiff for the class"); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status"); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08–cv-411-NRB, 2008 WL 2073931, at *4 (S.D.N.Y. May 9, 2008) (Buchwald, J.) (rejecting speculative arguments failing to provide "proof" of inadequacy

in appointing a group of institutions as Lead Plaintiff).  The Public Pension Funds, with nearly $52 million in losses, undoubtedly have the largest financial interest, satisfy the requirements of Rule 23, and should be appointed Lead Plaintiff.

**A.      The Public Pension Funds Have the "Largest Financial Interest" in the Relief Sought by the Class**

With losses of approximately $52 million, the Public Pension Funds assert a financial interest that is multiples greater than the sole competing movant, Operating Engineers, which claims losses of "over $1 million" in a shorter class period alleged in one of the related actions against JPMorgan.  As discussed below, Operating Engineers' failure to provide its full trading in the longer class period renders its motion defective.  However, even when comparing the movants' financial interest on an apples-to-apples basis under the truncated period advocated by Operating Engineers, the Public Pension Funds' financial interest is ***multiples*** greater, whether measured on a first-in, first-out ("FIFO") or last-in, first-out ("LIFO") basis, than the Operating Engineers' claimed loss:

| Movant | Loss in Class Period: 2/24/10-5/11/12 | | Loss in Operating Engineers Period:1/13/12-5/10/12 | |
|---|---|---|---|---|
| | FIFO | LIFO | FIFO | LIFO |
| Ohio Funds[5] | $(27,845,483) | $(6,790,833) | $(5,891,913) | $(2,398,303) |
| Oregon | $(9,009,867) | $(3,160,882) | $(1,462,553) | $(1,313,672) |
| Arkansas Teachers | $(3,160,304) | $(1,291,818) | $(1,553,558) | $(1,403,285) |
| AP7 | $(11,665,359) | $(10,445,196) | $(525,005) | $(429,088) |
| **Public Pension Funds** | **$(51,681,013)** | **$(21,688,729)** | **$(9,433,029)** | **$(5,544,348)** |
| Operating Engineers | -data not provided- | -data not provided- | **$(1,368,135)** | **$(1,368,135)** |

As shown above, the Public Pension Funds have a larger financial interest that is multiples larger on both a FIFO and LIFO basis under either period.  Additionally, as

---

[5]      As set forth in the Declaration of Gerald H. Silk in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff, Approval of Their Selection of Co-Lead Counsel, and Consolidation of All Related Actions (ECF No. 16), at Exhibit B, the fund-by-fund losses for each of the participating Ohio Funds is as follows: STRS Ohio (FIFO - $8,006,854; LIFO - $2,117,687), SERS Ohio (FIFO - $3,660,224; LIFO - $593,318), and Ohio PERS (FIFO - $16,178,404; LIFO - $4,079,827).

demonstrated above, certain individual members of the Public Pension Funds have a larger FIFO and LIFO loss than the Operating Engineers under the shorter period they advocate.  *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (Holwell, J.) (appropriateness of appointing group was supported by the fact that losses of one individual member would qualify it as the party with the largest financial interest); *Goldstein v. Puda Coal, Inc.*, No. 11 Civ. 02598 (BSJ) (HBP), 2011 WL 6075861, at *7 (S.D.N.Y. Dec. 6, 2011) (Jones, J.) (appointing group including member asserting largest individual loss).  Accordingly, the Public Pension Funds assert the largest financial interest, and should be appointed Lead Plaintiff.

In measuring financial interest, courts in this District and around the country unvaryingly look to the movants' losses in the longest publicly noticed class period alleged in the filed complaints at issue in the action.  *See, e.g.*, *Kaplan*, 240 F.R.D. at 93  ("For the purposes of this analysis, we use the longer class period with the earlier start date," and place the "most emphasis" on "the approximate loss suffered by the movant""); *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (Sullivan, J.) (same); *Vladimir v. Bioenvision, Inc.*, No. 07–cv-6416-SHS-AJP, 2007 WL 4526532, at *5 (S.D.N.Y. Dec. 21, 2007) (Peck, M.J.) (same); *Ambac*, 2008 WL 2073931, at *3  (focusing on loss); *Bank of Am.*, 258 F.R.D. at 269 (assessing movants' financial interest using "the longest class period identified"); *Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-CV-05235-RMW, 2012 U.S. Dist. LEXIS 21590, at *14 n.1 (N.D. Cal. Feb. 21, 2012) ("At this stage, the court is ***wary*** of arguments advocating a shorter class period instead of the longest potential class period") (emphasis added) (citation omitted).

Here, the longest noticed class period in any of the related actions runs from February 24, 2010 through May 10, 2012, which was alleged in the *LAMPERS* complaint, which was filed on

5

June 15, 2012.[6]  The *LAMPERS* action was filed nearly a month before the lead plaintiff deadline, and notice of pendency of that action published that same day informed investors of the expansion of the class period and the July 13, 2012 deadline for seeking appointment as Lead Plaintiff.[7]  While Operating Engineers appears to contend that the Court should look to the class period alleged in the complaint filed just four days before *LAMPERS* was filed, captioned *Pipefitters Local Union #537 v. JPMorgan Chase & Co.*, No. 12-cv-4552-GBD (S.D.N.Y. filed June 11, 2012), it offers no explanation as to why the *LAMPERS* class period is not appropriate and should be completely ignored.  Indeed, although Operating Engineers notes in its opening brief that there are "*four*" PSLRA securities class actions pending against JPMorgan— suggesting it is well aware of the fourth *LAMPERS* action—it only seeks consolidation of three of the pending complaints against JPMorgan and inexplicably leaves out the *LAMPERS* action.  *See* ECF No. 17 ("Operating Engineers Br."), at 3 (noting "four" pending actions against JPMorgan but seeking consolidation of only three).  Despite recognizing that "four" related actions are pending against JPMorgan, Operating Engineers provided its financial interest for a truncated class period that abandons the claims of thousands of class members.  Operating Engineers' failure to provide all of its transactional information over the appropriate class period—even after having been asked for this information by the Public Pension Funds' counsel—smacks of gamesmanship, and appears to be part of an effort by Operating Engineers'

---

[6]      *LAMPERS* was accepted by this Court as a related action on June 27, 2012.  *See* Exhibit A to the Supplemental Declaration of Gerald H. Silk in Support of The Public Pension Funds' Memorandum of Law in Support of Their Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motion ("Silk Supp. Decl.").  Additionally, the docket for *Smith v. JPMorgan Chase & Co.*, No. 12-cv-3852 (S.D.N.Y.) reflects *LAMPERS*' status as a related action.  *See* Silk Supp. Decl., Ex. B.  Thus, at the time Lead Plaintiff motions were filed, all movants were clearly on notice of the *LAMPERS* action.  *See id.*; *see also* ECF No. 16-5.

[7]      *See* Press Release, Grant & Eisenhofer Announces Notice of the Filing of a Securities Class Action Against JPMorgan Chase & Co. (June 15, 2012), at ECF No. 16-5 ("This Complaint extends the class period prior to the April 13, 2012 start date alleged in the initial class action complaint filed against JP Morgan on May 14, 2012, styled as *Smith v. JP Morgan Chase & Co., et al.*, Case No. 12-cv-3852(GBD) (S.D.N.Y.).  The deadline for class members to move to serve as lead plaintiff is July 13, 2012.")).

counsel to gain control of the litigation using a truncated class period that disregards the interests of the remainder of the Class, which they abandon wholesale.  *See* Silk Supp. Decl., Ex. D.

Moreover, the *LAMPERS* complaint provides detailed facts concerning the fraud from the beginning of the Class Period, including allegations concerning JPMorgan's executives actual knowledge of the risky practices at the Company's Chief Investment Office ("CIO") that were concealed by the Defendants' misstatements dating back to as early as 2007.  *See, e.g., LAMPERS*, ECF No. 1, ¶4 (alleging that senior JPMorgan executives and directors were informed about the "increasingly high-risk directional bets emanating from the CIO's London office" no later than February 2010); ¶69 ("risk managers and some senior investment bankers at JPM raised concerns that the JPM's CIO unit was making increasingly large investments involving complex trades that were hard to understand *since 2007*"); ¶71 ("as far back as early 2010, certain directors (and executives) were specifically briefed about irresponsible, high-risk trading in the CIO's London office").

Under these circumstances, there is no question that the Court should use the properly noticed class period alleged in *LAMPERS* in comparing the movants' financial interest. *See, e.g.*, *In re Centerline Holding Co. Sec. Litig.*, No. 08 Civ. 505(SAS), 2008 WL 1959799, at *3-4 (S.D.N.Y. May 5, 2008) (Scheindlin, J.) (stating that "the appropriate standard here is plausibility" and noting that "it would be inappropriate for the Court to determine the earliest possible date on which investors were deceived"); *see also Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (most comprehensive class period should be used to assess movants' financial interest unless the period is "obviously frivolous" and "because at the outset of a case the court should view the facts in the light most favorable to the plaintiffs and should narrow the allegations only after the parties have had the

opportunity to develop the record").   As noted above, under this period, the Public Pension Funds assert a financial interest that is nearly 40 times greater than the loss claimed by Operating Engineers.   Accordingly, the Public Pension Funds have the largest financial interest in the action, and should be appointed as Lead Plaintiff.

**B.      The Public Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements**

Once a court identifies the movant with the largest financial interest—here, the Public Pension Funds—that movant is the presumptively "most adequate plaintiff" if it also satisfies the adequacy and typicality requirements of Rule 23.   *See Sgalambo*, 268 F.R.D. at 173 ("a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23.").   As set forth in their opening papers, the Public Pension Funds easily meet these requirements.

**1.      The Public Pension Funds Are Typical**

Typicality exists where the proposed lead plaintiff "has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues."   *Lintz v. Agria Corp.*, No. 08 Civ. 3536 (WPP), 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008) (citing *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Grp., Inc.*, 506 U.S. 1088 (1993)).   The typicality requirement is satisfied here because the Public Pension Funds seek the same relief and advances the same legal theories as other Class members.   Like the other Class members, the Public Pension Funds purchased JPMorgan common stock during the Class Period at prices that were artificially inflated by the defendants' materially false and misleading statements and omissions, and suffered damages as a result.   *See id.*   The Public Pension Funds' claims, therefore, arise from the same injurious course of conduct that gives rise

to the claims of the other Class members.  *See eSpeed,* 232 F.R.D. at 102 (typicality satisfied where "claims arise from the same conduct from which other class members' claims and injuries arise").

### 2.       The Public Pension Funds Are Adequate

Adequacy is met where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Kaplan*, 240 F.R.D. at 94; *see also Glauser v. EVCI Ctr. Colls. Holding Corp*., 236 F.R.D. 184, 188-89 (S.D.N.Y. 2006) (*citing Dietrich v. Bauer*, 192 F.R.D. 119, 124 (S.D.N.Y. 2000)) (adequacy is satisfied where proposed lead plaintiff does not have interests that are antagonistic to the class it seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class).

The Public Pension Funds satisfy each of these factors.  First, the Public Pension Funds have retained counsel that are highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently.  Second, there is no conflict of interest between the Public Pension Funds' interests and those of the other Class members.  The Public Pension Funds' and the Class' interests are directly aligned, as all suffered injuries from their purchases of JPMorgan common stock resulting from the defendants' misconduct.  Finally, the Public Pension Funds suffered a substantial loss due to the defendants' alleged fraud, totaling nearly $52 million.  The magnitude of the loss ensures that the Public Pension Funds are sufficiently motivated to ensure the vigorous prosecution of this litigation.

In addition, the Public Pension Funds—a small, cohesive group of sophisticated institutional investors committed to vigorously prosecuting investors' claims—are precisely the type of lead plaintiff that Congress contemplated when enacting the PSLRA.  *See eSpeed*, 232

F.R.D. at 99 ("the PSLRA was designed to favor institutional investors"); H.R. Rep. No. 104-369, at *34 (1995) *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Beyond the required showing, the Public Pension Funds have demonstrated their commitment to working cohesively as a group in the prosecution of this action by executing a Joint Declaration, which was submitted to the Court with the Public Pension Funds' opening papers.  The Joint Declaration details, among other things, the Public Pension Funds' intention and ability to efficiently and zealously represent the Class separately and apart from their lawyers.  *See, e.g., Ambac*, 2008 WL 2073931, at *3 (appointing group of institutions that provided declaration showing they were "cooperating and pursuing the litigation separately and apart from their lawyers"); *Puda Coal*, 2011 WL 6075861, at *7 (appointing group of investors submitting a declaration attesting to how members intended to work together); *Fox v. Camelot Info. Sys., Inc.*, No. 12 Civ. 86 (PGG), 2012 U.S. Dist. LEXIS 89486, at *6 (S.D.N.Y. June 6, 2012) (Gardephe, J.) (appointing group and noting the "declaration [submitted by the group] meets the standards outlined in the case law for demonstrating cohesiveness"); *La. Mun. Police Emps.' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, Case No. 2:11-cv-289, 2012 U.S. Dist. LEXIS 89192, at *10-11 (D. Vt. Apr. 27, 2012) (appointing group of five institutional investors and three lead law firms after reviewing representations in joint declaration).

Additionally, the Joint Declaration informs the Court of the circumstances leading to the Public Pension Funds' decision to jointly seek appointment as lead plaintiff (*see* Joint Decl. at ¶¶9-10); the steps the Public Pension Funds took to formalize its leadership of this action,

including by participating in a joint conference call prior to seeking lead plaintiff appointment in which representatives for each of the members of the group discussed, among other things, the facts and merits of the claims against the Company, their common goals in ensuring the action was actively overseen by sophisticated institutional investors committed to prosecuting the action efficiently and effectively on behalf of the Class, and the mechanisms to facilitate their ongoing monitoring of and communication concerning the prosecution of the action and their counsel (*see id.* at ¶¶14-18); the Public Pension Funds' commitment to maximizing the Class' recovery (*see id.* at ¶14); the Public Pension Funds' implementation of specific protocols for overseeing counsel and ensuring that the Class's claims are efficiently prosecuted without any duplication of effort (*see id.* at ¶¶15-16, 18); and the Public Pension Funds' commitment to actively oversee counsel's activities for the duration of the litigation (*see id.* at ¶¶15, 19).

Furthermore, the representatives of the Public Pension Funds—each of which is experienced in serving as a lead plaintiff under the PSLRA and has a proven track record of protecting shareholders' rights—have also directed their counsel to enter into a Joint Prosecution Agreement to ensure that the interests of the Class are properly and aggressively protected (*see id.* at ¶¶12, 16).[8]  The information contained in the Joint Declaration "address[es] every concern raised by courts who have questioned the ability of previously-unrelated group members to cohesively, proactively represent their class."  *See Sabbagh v. Cell Therapeutics, Inc.*, Nos. C10–414MJP, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010); *Bank of Am.*, 258 F.R.D. at 270

---

[8]     Appointment of the Public Pension Funds provide the Class the added benefit of being able to draw on the offices of two state attorneys general (the Oregon Attorney General and the Office of the Attorney General of the State of Ohio) and personnel with significant experience overseeing complex class action lawsuits.  *See* Joint Decl., at ¶11.  The court in *In re Molycorp, Inc. Securities Litigation*, recently noted the benefits to a class from the appointment of a group.  No. 12-cv-0292-WJM-KMT, 2012 U.S. Dist. LEXIS 89191, at *10 (D. Colo. May 29, 2012).  According to the court, "a small group of investors are more likely to diligently monitor counsel, and more likely to make consensus decisions that protect the interests of absent class members, rather than simply protecting the financial interests of a single individual." *Id.* (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998)); *see also* Joint Decl., at ¶13 (noting commitment to share resources and engage in joint decision making).

(appointing group and noting "declarations demonstrating cooperative efforts among" the group's members); *Ambac*, 2008 WL 2073931, at *3 (noting that declaration which cited institutional investor group's "joint conference calls to discuss the litigation and to formulate a strategy" demonstrated propriety of group under the PSLRA); *Green Mountain*, 2012 U.S. Dist. LEXIS 89192, at *11-12 (appointing group of five institutions as Lead Plaintiff where proposed lead counsel entered into a joint prosecution agreement).

Accordingly, the Public Pension Funds have more than established their typicality and adequacy under the *prima facie* showing required by PSLRA.  The Public Pension Funds' respectfully submit that this showing, coupled with the Public Pension Funds' $52 million financial interest, renders them an ideal Lead Plaintiff under the PSLRA, and that their motion should be granted.[9]

## C.    Operating Engineers Has Not Satisfied the Requirements of the PSLRA

Even if the Public Pension Funds' financial interest did not (as it does) dwarf the losses asserted by Operating Engineers over the shortened class period it claims should control, Operating Engineers' failure to provide the Court or the Public Pension Funds with its trading in the properly-noticed longest-filed period renders its motion fatally defective under the PSLRA. Indeed, the PSLRA's requirements for submitting a certification listing all transactions are "mandatory," and Operating Engineers cannot cure that deficiency at this late date.  *See* 15 U.S.C. § 78u-4(a)(2)(A)(iv) (requiring movants to list in their PSLRA-required certification "*all transactions*" during the class period that are the subject of the complaint).  As courts have

---

[9]        Operating Engineers has not presented any **proof** sufficient to rebut the presumption that the Public Pension Funds are the most adequate plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut status as presumptively most adequate plaintiff).  Any speculative attacks against the Public Pension Funds in the face of the sworn certifications and declarations provided to the Court are wholly insufficient to rebut the presumption of adequacy accorded to the Public Pension Funds by the PSLRA.  *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 346 (S.D.N.Y. 2009) (Scheindlin, J.); *Stone v. Agnico-Eagle Mines Ltd.*, 280 F.R.D. 142, 145 (S.D.N.Y. 2012) (Oetken, J.) (rejecting "speculative" attacks against movants' standing).

repeatedly held, at this stage of litigation, "'the class,' as referenced in § 78u–4(a)(3)(B)(iii)(I)(bb), should be defined as the broadest, most inclusive potential class." *MGIC*, 256 F.R.D. at 625; *see also In re Able Labs. Sec. Litig.*, 425 F.Supp.2d 562, 565-66 (D.N.J. 2006) (noting that the PSLRA 60-day limit is "mandatory" and refusing to consider transaction information submitted after the deadline).[10]

Indeed, even though it is not appropriate to consider additional transactions from Operating Engineers at this late date, in the interests of permitting the Court to compare the movants on an apples-to-apples basis, the Public Pension Funds sought that information directly from Operating Engineers' counsel. *See* Silk Supp. Decl., at Ex. D. Operating Engineers' counsel has not responded to this request nor has it provided Operating Engineers' trading information, raising serious questions as to whether Operating Engineers has ***any*** financial interest in the operative class period at issue in this action. The members of the Class should not be saddled by a plaintiff that may not have *any* incentive to prosecute their claims. In any event, the Public Pension Funds assert the largest financial interest under ***both*** periods and are adequate and typical in all respects.

### D. All Four of the Related Actions Should be Consolidated

There are at least four related securities class actions against JPMorgan alleging claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, pending in this District.[11] The Public Pension Funds and Constantinou have argued in favor of

---

[10]     *See also MGIC*, 256 F.R.D. at 624 n.6 ("the PSLRA seeks to discourage the 'race to the courthouse,' and its notice provisions are part of the reforms designed to remove advantages gained by litigants who file the first lawsuit. . . . Allowing the class period identified in the first-filed notice to control the selection of lead plaintiff would be ***inconsistent with this intent***").

[11]     The Related Actions include:  *Smith v. JP Morgan Chase & Co.*, No. 12-cv-3852; *Saratoga Advantage Trust-Financial Services Portfolio v. JP Morgan Chase & Co.*, No. 12-cv-3879; *Pipefitters Local 537 Trust Funds v. JPMorgan Chase & Co.*, No. 12-cv-4552; and *LAMPERS*, No. 12-cv-4729.

consolidating all four actions, and Operating Engineers does not appear to oppose consolidation. *See* ECF No. 14 ("Public Pension Funds Br.") at 17-18; ECF No. 11 ("Constantinou Br.") at 4-5.[12]

In any event, any opposition to consolidation would be entirely unfounded.  "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation."  *Kaplan*, 240 F.R.D. at 91; *Puda Coal*, 827 F. Supp. 2d at 352 (consolidating actions with differences where the "underlying factual and legal questions appear to be indistinguishable").  All four of the actions present virtually identical factual and legal issues concerning the risks concealed by the Defendants' misstatements and omissions concerning the trading activities of the CIO.  *See* Public Pension Funds Br. at 4; Constantinou Br. at 3; Operating Engineers Br. at 2.  Given the commonality of the issues between the cases, consolidation of all the Related Actions is appropriate.

## CONCLUSION

For the reasons set forth above and in their opening papers, the Public Pension Funds respectfully request that the Court:  (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz Berger & Grossmann LLP and Grant & Eisenhofer P.A. as Co-Lead Counsel for the Class; (3) consolidate all related actions, and (4) grant such other relief as the Court may deem just and proper.

Dated:  July 30, 2012                    Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**

---

[12]     Operating Engineers acknowledges that there are "*four* securities class action lawsuits" filed against JPMorgan but incorrectly states, ignoring the Class Period pled in *LAMPERS*, that the actions assert claims between January 13, 2012 and May 10, 2012.  *See* Operating Engineers Br. at 1.  Operating Engineers seeks to consolidate the related actions but fails to mention (or even cite) the *LAMPERS* action or the Class Period alleged in *LAMPERS*.

/s/      Gerald H. Silk
_____
Gerald H. Silk
Avi Josefson
Michael D. Blatchley
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Special Assistant Attorneys General and
Counsel for Proposed Lead Plaintiffs the
State of Oregon by and through the Oregon
State Treasurer on behalf of the Common
School Fund and, together with the Oregon
Public Employee Retirement Board, on
behalf of the Oregon Public Employee
Retirement Fund, and Arkansas Teacher
Retirement System, and Proposed Co-Lead
Counsel for the Class*

**MICHAEL DEWINE
ATTORNEY GENERAL OF OHIO**

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer
485 Lexington Avenue
New York, NY 10017
Telephone:  (646) 722-8505
Facsimile:  (302) 622-7004
jeisenhofer@gelaw.com

*Special Counsel for Ohio Public Employees
Retirement System, State Teachers
Retirement System of Ohio, and School
Employees Retirement and Proposed Co-
Lead Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK LLP**
Darren J. Check
Sean M. Handler
Naumon A. Amjed

Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056
dcheck@ktmc.com
shandler@ktmc.com
namjed@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff Sjunde AP-Fonden*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Keith Ketterling
Scott Shorr
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
KKetterling@stollberne.com
SShorr@stollberne.com

*Special Assistant Attorneys General and Counsel for Proposed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*