**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN RE JPMORGAN CHASE & CO.
SECURITIES LITIGATION

Master File No. 1:12-cv-03852-GBD

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 19 2015

## AGREEMENT AND ▓▓▓▓ ORDER PURSUANT TO FRE 502(d)

The parties to the above-captioned action jointly submit for the Court's approval the following Agreement and [Proposed] Order Pursuant to Rule 502(d) of the Federal Rules of Evidence:

WHEREAS, on April 7, 2015, Lead Plaintiffs, pursuant to Section II.C of the Pilot Project Regarding Case Management Techniques for Complex Cases in the Southern District of New York, requested that the Court compel the production of certain materials that defendants had withheld from production on the basis of the attorney-client privilege and/or the attorney work product doctrine (the "Challenged Materials");

WHEREAS, Defendants opposed Lead Plaintiffs' request;

WHEREAS, in order to resolve the parties' dispute concerning the Challenged Materials without Court intervention, Lead Plaintiffs have agreed to withdraw their request that the Court compel the production of the Challenged Materials and Defendants have agreed to a limited waiver of the privileges and protections they assert over certain of the Challenged Materials and to produce such materials to Lead Plaintiffs (the "Waiver Materials");

NOW, THEREFORE, the parties, by and through their respective undersigned counsel, and subject to this Court's approval, agree and stipulate as follows:

1. Defendants waive any privileges or protections applicable to the Waiver Materials for purposes of this action only.

2. Defendants will produce to Lead Plaintiffs the Waiver Materials as soon as practicable after the Court's entry of this Order. The Waiver Materials will be designated Attorneys' Eyes Only under the Stipulation and Modified Protective Order entered May 28, 2015 (Dkt. No. 169) (the "Protective Order") and Lead Plaintiffs agree to treat them as such.

3. Lead Plaintiffs and Defendants agree that Defendants' limited waiver of the privileges and protections applicable to the Waiver Materials does not constitute a waiver of any privileges or protections applicable to any other document or any undisclosed communication or information.

4. Lead Plaintiffs and Defendants agree that Defendants' limited waiver of the privileges and protections applicable to the Waiver Materials is for purposes of this action only and is not a waiver in any other federal or state proceeding.

5. Lead Plaintiffs agree that they will withdraw their request that the Court compel the production of the remainder of the Challenged Materials and fully and forever relinquish their right to challenge Defendants' assertion of the attorney-client privilege and/or the attorney work product doctrine as to those materials.

6. Lead Plaintiffs and Defendants agree that Defendants' limited waiver of the privileges and protections applicable to the Waiver Materials is without prejudice to the parties' ability to assert in this action that any other materials are privileged or protected from disclosure or to challenge any such assertions.

7. The provisions of this Order supplement those contained in the Protective Order, including the right to claw back materials that are subject to the attorney-client privilege, the attorney work product doctrine and/or any other applicable privileges or protections and that inadvertently are produced.

Case 1:12-cv-03852-GBD   Document 174   Filed 06/19/15   Page 3 of 4

By entering into this Stipulation, the parties do not waive, and expressly preserve, all rights, claims and defenses in the above-captioned action.

Dated: June 18, 2015

Respectfully submitted,

| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **GRANT & EISENHOFER P.A.** | **KESSLER TOPAZ MELTZER & CHECK LLP** |
|---|---|---|
| *Salvatore Graziano /s/ HOC* | *Jay Eisenhofer /s/ HOC* | *Andrew Zivitz /s/ HOC* |
| Salvatore J. Graziano | Jay W. Eisenhofer | Andrew L. Zivitz |
| John Rizio-Hamilton | Daniel L. Berger | Matthew L. Mustokoff |
| Jonathan D. Uslaner | Jeff A. Almeida | Johnston de F. Whitman, Jr. |
| 1285 Avenue of the Americas | 485 Lexington Avenue | 280 King of Prussia Road |
| New York, NY 10019 | New York, NY 10017 | Radnor, PA 19087 |
| Telephone: (212) 554-1400 | Telephone: (646) 722-8505 | Telephone: (610) 667-7706 |
| Facsimile: (212) 554-1444 | Facsimile: (646) 722-8501 | Facsimile: (610) 667-7056 |
| salvatore@blbglaw.com | jeisenhofer@gelaw.com | azivitz@ktmc.com |
| johnr@blbglaw.com | dberger@gelaw.com | mmustokoff@ktmc.com |
| jonathanu@blbg.com | jalmeida@gelaw.com | jwhitman@ktmc.com |

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**SULLIVAN & CROMWELL LLP**

_____
Richard C. Pepperman, II
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 291-9113
peppermanr@sullcrom.com

Daryl A. Libow
Christopher M. Viapiano
1700 New York Ave., N.W., Suite 700
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 956-7056
libowd@sullcrom.com
viapianoc@sullcrom.com

*Attorneys for Defendants JPMorgan Chase & Co., James Dimon and Douglas Braunstein*

**IT IS SO ORDERED:**

DATED: June __, 2015

JUN 19 2015

_____
GEORGE B. DANIELS
U.S. DISTRICT COURT JUDGE