# EXHIBIT 2

**Objection of Proposed Settlement**

TO:   See Below                                                                              Date:  03/13/2016

RE:   JPMORGAN CHASE & CO. Securities Litigation

As a Class Member, I object to the proposed Settlement, Plan of Allocation, attorney fees and reimbursement of Litigation Expenses. Since this ludicrous suit will impact the JPMorgan stock value, I believe anyone holding such stock should be able to object without being a Class Member. I also resent the wording "…so it is in your best interest to submit a Claim Form."

Why is it necessary to submit a written request for exclusion as a Class Member instead of having to submit a written request for inclusion? I contend it is against a person's rights to automatically be included in any lawsuit unless they submit a request for exclusion. They did not ask to be represented by counsel. It would be more appropriate to require potential class members submit a request to be included or be automatically excluded. However, the attorneys well know that this would lead to substantially fewer class members. I am disappointed the court system would allow this, however it is to be expected based on the existing judicial system.

Perhaps I should file a class action suit on behalf of all individuals having to request being excluded from a lawsuit they do not wish to be a party to. As ludicrous as it may seem, I am positive I could find attorneys willing to file same based on mental anguish, loss of consortium, or any other ridiculous reason, as long as they would stand a chance of pocketing any rewards. Is it any wonder why the legal profession is considered one step below that of used car salesmen? I await the day Americans wake up and institute true legal reform.

I am sure JPMORGAN was required to make available the list of potential claimants to the plaintiff's Counsel and/or Claims Administrator. In addition, to be part of the Settlement Class potential members must provide all the documentation necessary via Proof of Claim and Release Form to calculate alleged damages. What therefore justifies the outrageous request by Class Counsel of an award up to of 25% of the Settlement Fund ($37,500,000) for attorneys' fees, plus up to $2,000,000 for Litigation Expenses? Exactly what services did Counsel perform to earn these amounts? The claim to have "conducted a targeted review of approximately ten million pages of documents" is clearly misleading. Does the court actually believe they read these documents?

In addition they may apply for reimbursement of "reasonable" costs and expenses incurred by Lead Plaintiffs. Since Lead Plaintiffs brought on this action, they should be held responsible for Litigation Costs and their expenses.

These fees and expenses will be deducted from the Settlement Fund. Hence, Class Members are liable for same since they will reduce any per share award, contradictory to what is claimed in paragraph 5 of the Notice.

Apparently the Lead Plaintiffs believe they were "damaged" by buying stock during the Class Period and selling at a lower price during the 90-Day Look-Back Period. Perhaps, as alluded to in paragraph 46 of the Notice, the price change was in reaction to public announcements regarding alleged misrepresentations revealed to the market, rather than actual stock value. Unfortunately, if the stock had been retained, they would have realized an approximate 36% gain on their investment. The trustees for these retirement funds failed in their fiduciary responsibilities.

Perhaps a Class Action lawsuit on behalf of the members of the retirement funds against the trustees is in order. Smart investors are always aware of the possibility of a market downturn. To disregard this is pure ignorance.

I had holdings in another bank stock and suffered a decline in valve due to market conditions and a class action suit was settled. It appears theses suits are a means to relieve the investor of their actions by blaming someone else and providing easy access for fees by counsel.

It is an insult that JPMORGAN must settle claims of this sort due to the high defense costs and the uncertainty of potential judgments (reference the McDonalds hot coffee case). I sincerely wish JPMORGAN had vigorously defended itself from this claim. Paragraph 23 of the Notice clearly states there were significant risks that continued litigation could result in recovery far less than the Settlement Amount or no recovery at all.

In summary, I am OBJECTING to the Settlement and the amount of the attorney fees and expenses requested by Counsel. I strongly suggest the Court not approve the settlement as proposed. I will not attend the hearing on May 10, 2016. However, I wish this letter be read and included in the court record.

*[signature]*

Kenneth John Babin

REDACTED

United States District Court
Southern District of New York
Clerk of the Court
United States Courthouse
500 Pearl Street
New York, NY 10007

Sullivan & Cromwell LLP
Richard C. Pepperman, II, Esq.
125 Broad Street
New York, NY 10004-2498

Bernstein Litowitz Berger &
  Grossman LLP
Salvatore J. Graziano, Esq.
1251 Avenue of the Americas
  44th Floor
New York, NY 10020

Grant & Eisenhofer P.A.
Daniel L. Berger, Esq.
485 Lexington, Avenue
New York, NY 10017

Kessler Topaz Meltzer &
  Check, LLP
Andrew L. Zivitz, Esq.
280 King of Prussia Road
Radnor, PA 19087

NEW ORLEANS LA 700
15 MAR 2015 PM 4

Kenneth John Babin
REDACTED

Bernstein Litowitz Berger &
Grossman LLP
Salvatore J. Graziano, Esq.
1251 Avenue of the Americas
44th Floor
New York, NY 10020