UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE JPMORGAN CHASE & CO. SECURITIES LITIGATION | Master File No. 1:12-cv-03852-GBD |
|---|---|



## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *In re JPMorgan Chase & Co. Securities Litigation*, Master File No. 1:12-cv-03852-GBD (the "Action");

WHEREAS, by Order dated September 29, 2015, the Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of JPMorgan Chase & Co. ("JPMorgan") during the period from April 13, 2012 through May 21, 2012, inclusive (the "Class Period"), and who were damaged thereby (the "Class");[1]

WHEREAS, (a) Lead Plaintiffs Arkansas Teacher Retirement System, Ohio Public Employees Retirement System, Sjunde AP-Fonden, and the State of Oregon by and through the Oregon State Treasurer on behalf of the Common School Fund and, together with the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund,

---

[1] Excluded from the Class by definition are: (i) Defendants; (ii) executive officers of JPMorgan who were employed during the Class Period, members of JPMorgan's Board of Directors during the Class Period, and members of their immediate families (as defined in 17 C.F.R. § 229.404(a), Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) the employees within JPMorgan's Chief Investment Office ("CIO") primarily responsible, before April 13, 2012, for management of CIO's Synthetic Credit Portfolio; (iv) any of the foregoing persons' legal representatives, heirs, successors or assigns; and (v) any entity in which any Defendant directly or indirectly has a controlling interest or had a controlling interest during the Class Period. Notwithstanding the foregoing exclusions, no Investment Vehicle shall be excluded from the Class. Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.

on behalf of themselves and the Court-certified Class, and (b) defendant JPMorgan, and defendants James Dimon and Douglas Braunstein (collectively, the "Individual Defendants" and, together with JPMorgan, the "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated December 18, 2015 (the "Stipulation"), that provides for a complete dismissal with prejudice of the Action against Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated January 19, 2016 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of certification of the Class and the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on May 10, 2016 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 18, 2015; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 5, 2016.

3. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the certification of the Class and their right to exclude themselves from the Class; (iii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iv) Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (v) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Federal Rule of Civil Procedure 23, the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended, including the Private Securities Litigation Reform Act of 1995, due process, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and

3

finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class. Two objections to the Settlement have been received, which the Court has considered and found to be without merit. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action is hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each member of the Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal

representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against any of the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other person or entity legally entitled to bring Released Defendants' Claims on behalf of any Defendant, in that capacity, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

8. Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal

Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the

Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

11. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

12. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially

7

limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of October 9, 2015, as provided in the Stipulation.

15. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is directed to immediately enter this final judgment in this Action.

SO ORDERED this __10__ day of __MAY__, 2016.

_____
The Honorable George B. Daniels
United States District Judge

8

**Exhibit 1**

1. Pamela Benjamin
   Rochester, NY

2. Estate of Dorothy E. Boyce &
   James W. Boyce
   Pinoile, CA

3. Sharon Cohen
   Wayne, NJ

4. Jane Ewalt
   Lexington, KY

5. Timothy R. Harries &
   DeAnnette Harries
   Topeka, KS

6. Deborah J. Hills
   Kingwood, TX

7. James M. Hoffmann
   St. Louis, MO

8. Michael S. Iseman
   (Roth Conversion IRA)
   Royal Palm Beach, FL

9. Christine Kiker
   Lumberton, TX

10. Andrew J. Lowton
    Jackson, CA

11. Wayne E. Major &
    Carol J. Major
    New Holland, PA

12. Francisco Navas Moguer
    New York, NY

13. Reiko Ohyama
    Tokyo, Japan

14. Brian Pelz
    Carol Stream, IL

15. Anna A. Phan
    Grand Prairie, TX

16. James E. Phillips &
    Cynthia M. Phillips
    Round Rock, TX

17. Iva Mae Richardson
    Baltimore, MD

18. Brenda F. Rodgers
    Houston, TX

19. John F. Samuels
    Lebanon Jct., KY

20. Lois M. Schaefer
    Green Valley, AZ

21. Grady M. Silverthorne &
    Carolee A. Silverthorne
    Albany, OR

22. Peter Simmons
    New Milton, United Kingdom

23. Norman J. Simon
    Houma, LA

24. Gloria J. Snabley
    Sarasota, FL

25. Richard Strickland
    Indianapolis, IN

26. Robert C. Tucker &
    Kimberly B. Tucker
    Venetia, PA

27. Emilio A. Vazquez &
    Migdalia M. Vazquez
    Miami, FL

28. Mary C. Welch
    Springfield, PA

29. Christopher D. Weston
    Washington, DC

30. David A. Wieckert
    Middleton, WI

31. Phillip E. Wielenga &
    Marilyn R. Wielenga
    Traverse City, MI

32. Steven H. Wolfe &
    Judith A. Wolfe
    Worcester, MA

33. Robert A. Zierak
    Fayetteville, AR